PEOPLE ex rel. AMERICAN BANK NOTE CO. v. SOHMER, State Comptroller.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. TAXATION (§ 117*)—CORPORATE FRANCHISES—COMPANIES LIABLE.

A holding corporation is not entitled to the exemption from franchise taxation allowed to manufacturing corporations, although the company whose stock it holds is engaged in manufacturing.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 214; Dec. Dig. § 117.*]

2. TAXATION (§ 113*)—CORPORATE FRANCHISES—RATE OF TAXATION—STATUTORY PROVISIONS.

The provisions of Tax Law (Consol. Laws 1909, c. 60) § 182, concerning the taxation of corporate franchises, that if the dividend in any year be less than 6 per cent. on the par value of the stock, and if the average price at which such stock sold during the year did not equal or exceed the par value, the tax on each dollar of capital stock shall be three-quarters of a mill, and that if the dividends be less than 6 per cent., and the assets exceed the liabilities, exclusive of capital stock, by an amount equal to or greater than the par value of the capital stock, the rate shall be 1½ mills, being inconsistent, will be given the construction most favorable to the taxpayer.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 207; Dec. Dig. § 113.*]

3. TAXATION (§ 376*)—CORPORATE FRANCHISES—RATE OF TAXATION—STATUTORY PROVISIONS.

Proof of the high and low prices at which stock was sold during each month, showing an average price below par, in connection with testimony that the average price was below par, sufficiently showed that the average price at which the stock sold during the year did not equal the par value, within Tax Law (Consol. Laws 1909, c. 60) § 182, providing that, where the annual dividends are less than 6 per cent., and the average price at which the stock sold during the year does not equal the par value, a tax of only three-quarters of a mill upon each dollar of the capital stock shall be assessed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

4. TAXATION (§ 376*)—CORPORATE FRANCHISES—RATE OF TAXATION—STATUTORY PROVISIONS.

Under Tax Law (Consol. Laws 1909, c. 60) § 182, relative to the taxation of corporate franchises, which provides that where the dividends for any year are less than 6 per cent., and the average price at which the stock sold during the year did not equal or exceed the par value, the rate of taxation shall be three-quarters of a mill on each dollar of capital stock, the average price is to be determined by the different sales of stock, irrespective of the number of shares sold upon the respective sales.

[Ed. Note.—For other cases. see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

5. TAXATION (§ 376*)—CORPORATE FRANCHISES—RATE OF TAXATION—STATUTORY PROVISIONS.

Under Tax Law (Consol. Laws 1909, c. 60), § 182, relative to the taxation of corporate franchises, which provides that where the annual dividends are less than 6 per cent., and the average price at which the stock sold during the year did not equal or exceed the par value, the rate of taxation shall be three-quarters of a mill upon each dollar of capital stock, a statement furnished the state comptroller by a corporation in which its treasurer stated that, based upon the price at which

small blocks of stock had been sold, he appraised the stock at par, was not inconsistent with proof upon the hearing before the comptroller that the average price of stock sales was below par. since the comptroller is to determine the value by the arbitrary method provided by statute, and not by his judgment of the value of the stock.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

Kellogg, J., dissenting.

Certiorari by the People, on the relation of the American Bank Note Company, against William Sohmer, as State Comptroller, to review the Comptroller's determination of the franchise tax of the relator for the year ending October 31, 1909. Determination modified.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Sullivan & Cromwell, of New York City (Robert McC. Marsh, of New York City, of counsel), for relator.

Thomas Carmody, Atty. Gen. (Franklin Kennedy, of Albany, of counsel), for respondent.

SMITH, P. J. In the year for which this tax was assessed the relator was known as the United Bank Note Company. It afterwards bought up the stock of the American Bank Note Company and assumed its name.

[1] The determination of the comptroller is challenged upon two grounds: First, upon the ground that the relator was a manufacturing corporation, and therefore not subject to this tax. The fact is that the relator was the holding company of the American Bank Note Company stock and was not itself engaged in manufacturing. Under such circumstances it cannot claim the exemption from taxation allowed to a manufacturing corporation.

[2] The further contention is made that under section 182 of the Tax Law (Consol. Laws 1909, c. 60) the relator can only be taxed on its common stock at the rate of three-quarters of a mill upon each dollar of the amount of such capital stock, instead of at the rate of $1\frac{1}{2}$ mills, as was determined by the comptroller. The dividend declared was only 4 per cent. Under section 182 of the Tax Law, if the dividend be less than 6 per cent., and the average price at which such stock sold during the year did not equal or exceed the par value, it was required to pay a franchise tax of three-quarters of a mill upon each dollar of the amount of capital stock. It is true that in the latter part of the section it is provided that if the dividend be less than 6 per cent., and the assets exceed the liabilities, exclusive of capital stock, by an amount equal to or greater than the par value of the capital stock, the rate of taxation is prescribed as $1\frac{1}{2}$ mills. A reading of the statute discloses an inconsistency. Under well-settled principles of construction, the taxpayer is entitled to the most favorable reading.

[3, 4] The question upon which this court is divided is whether there be sufficient evidence of the fact that the average price of the sale of stock during the year was less than par. By the affidavit of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the broker, Dominick, the high and low price of the stock during each month in the year is given, except the month of April, in which there were no sales. From this statement it would appear that the average price at which the common stock sold during the year in question was between 47 and 48, with the par value of 50. In addition to that, the broker has sworn that to the best of his knowledge and belief the average price at which the common stock of the relator sold during said year was less than the par value of said stock. It is contended that this statement of the minimum and maximum price in each month is no proof of the average price at which the stock sold, because in that statement it does not appear how much stock was sold at the prices named. As I read the statute, however, the average price is to be determined by the different sales, irrespective of the amount sold upon the respective sales. For instance, if 100 shares be sold at 48 upon one day and 10 shares at 50 upon the next day, the average price for the two days would be 49. Any other method of determining the average price, reckoning the number of shares sold upon each sale, would present a rule too intricate for reasonable application. In my judgment, therefore, the proof offered and uncontradicted was sufficient to show that the average price of the sale of stock for the year was less than par.

[5] Our attention is called to the statement of the relator furnished to the comptroller prior to the hearing, in which it is stated by the treasurer that he estimates and appraises the common stock at $50 per share; "such estimates being based on the price at which small blocks of stock of the company have been sold." This statement of fact is not at all inconsistent with the fact, shown upon the hearing before the comptroller, that the average price of stock sales was less than 50. The question for the determination of the comptroller is not his judgment of the value of the stock, but a value determined by the arbitrary method of ascertaining the average price of stock sales during the year. If we are right in this conclusion the comptroller has improperly assessed the tax upon the common stock at 1½ mills, instead of three-quarters of a mill, and it follows that the determination should be modified by reducing the tax on the common stock one-half, and, as modified, the determination should be confirmed, with $50 costs and disbursements.

Determination modified, by reducing tax on common stock one-half, and as so modified, confirmed, with $50 costs and disbursements to the relator. All concur, except KELLOGG, J., who dissents.